IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KORY SALDANA, AMANDA SALDANA, ELI GUERRERO, JENNIFER GUERRERO, ARMANDO GUERRERO, ANGELICA GUERRERO, BRITTANY GUERRERO, AND ZACKARY GUERRERO, on behalf of themselves and all others similarly situated, | § § § § § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | Case No. _____ |
| VALERO MARKETING AND SUPPLY COMPANY; VALERO SOUTH TEXAS MARKETING COMPANY; VALERO BILL GREEHEY REFINERY; VALERO REFINING-TEXAS, LP; and ERGON ASPHALT EMULSIONS, INC., | § § § § § § § § | (Cause No. 2016CCV-62811-3, County Court at Law No. 3, Nueces County, State of Texas) |
| Defendants. | § | |

## NOTICE OF REMOVAL

Defendant Ergon Asphalt & Emulsions Inc. ("Ergon"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, respectfully files this Notice of Removal of the civil action filed by Plaintiffs Kory Saldana, Amanda Saldana, Eli Guerrero, Jennifer Guerrero, Angelica Guerrero, Brittany Guerrero, and Zackary Guerrero ("Plaintiffs"). Ergon removes this matter from the County Court at Law No. 3, Nueces County, State of Texas, to the United States District Court for the Southern District of Texas, Corpus Christi Division. As grounds for this removal, Ergon states as follows:

### I. PROCEDURAL HISTORY AND BACKGROUND

1. On December 16, 2016, Plaintiffs commenced a class action against Ergon and multiple Valero defendants[1] by filing an Original Class Action Petition for Damages ("Petition") in the County Court at Law No. 3 of Nueces County, State of Texas, in the matter styled *Kory Saldana, Amanda Saldana, Eli Guerrero, Jennifer Guerrero, Armando Guerrero, Angelica Guerrero, Brittany Guerrero, and Zackary Guerrero, on behalf of themselves and all others similarly situated, vs. Valero Marketing and Supply Company; Valero South Texas Marketing Company; Valero Bill Greehey Refinery; Valero Refining-Texas, LP; and Ergon Asphalt Emulsions, Inc.*, Case No. 53-2014-CV-00043. *See* Orig. Pet., attached as part of Exhibit B. Ergon has not yet been served with a copy of the Petition.

2. Plaintiffs allege that Defendants caused a backflow incident at the Valero plant in Corpus Christi, Texas which put several chemicals into the municipal water supply. Ex. B, Orig. Pet. ¶ 4.1-4.6. Plaintiffs further allege that given their inability to use the municipal water supply, they and putative class members were forced to purchase bottled water at inflated prices. *Id*. ¶ 4.4. Plaintiffs also allege that they and putative class members will require ongoing health screening and monitoring, as well as monitoring and testing of their home water supplies. *See id*. ¶¶ 4.5-4.6.

3. Plaintiffs assert state law claims against Defendants for (1) negligence, (2) gross negligence, (3) negligence per se, (4) strict liability for ultra-hazardous activity, (5) common law assault and battery, (6) intentional infliction of emotional distress, (7) public and private nuisance, and (8) trespass. *See id*. ¶¶ 5.1-5.29. Plaintiffs have also demanded a jury trial. *See id*. ¶¶ 19.1.

---

[1] The Valero entities named as defendants are Valero Marketing and Supply Company, Valero South Texas Marketing Company, Valero Bill Greehey Refinery, and Valero Refining-Texas, LP (collectively the "Valero Defendants," and together with Ergon, "Defendants").

4.  Plaintiffs seek to represent a class defined as: "All residents of Corpus Christi, Texas and surrounding areas services [sic] by the Corpus Christi water supply system between December 1, 2016 and December 31, 2016." *Id.* ¶ 5.1.

## II. THE COURT HAS SUBJECT MATTER JURISDICTION OVER THIS CASE PURSUANT TO THE CLASS ACTION FAIRNESS ACT OF 2005

5.  This Court has original jurisdiction over this action based upon the allegations of the Petition, because (i) it purports to be a class action, (ii) the matter in controversy exceeds the sum or value of five million dollars, exclusive of interest and costs, (iii) a member of the class of Plaintiffs is a citizen of a State different from Ergon, (iv) no defendants are states, state officials, or other governmental entities, and (v) the putative class exceeds one hundred members. Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4, 28 U.S.C. § 1332(d) (2012).

### A. The amount in controversy exceeds five million dollars

6.  When removing a case to federal court, "a notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547 (2014). For the reasons set forth below, the amount in controversy exceeds the sum or value of five million dollars, exclusive of interest and costs.

7.  In this case, it is readily apparent from the face of Plaintiff's Petition that the amount in controversy exceeds the sum or value of five million dollars. Plaintiffs allege that class members will be required to conduct monitoring and testing of their home water supply, and also that class members "will require ongoing health screening and monitoring." Ex. B, Orig. Pet ¶¶ 4.5-4.6. Plaintiffs also allege that class members have been forced to purchase bottled water for daily use. *Id.* ¶ 4.4.

8. As required by Texas Rule of Civil Procedure 47, Plaintiffs have pled that they seek "monetary relief in the aggregate of over $1,000,000.00."[2] *Id.* ¶ 3.2. Plaintiffs have also alleged that putative class members number in excess of 350,000 persons. *Id.* ¶ 5.3. Plaintiffs' class includes "All residents of Corpus Christi, Texas and surrounding areas services [sic] by the Corpus Christi water supply system between December 1, 2016 and December 31, 2016." *Id.* ¶ 5.1.

9. The City of Corpus Christi had an estimated population of approximately 324,000 persons in 2015. U.S. Census Bureau, *2015 Population Estimates*, (2015).[3] In addition, the Corpus Christi Water Department serves nearly 500,000 residents of Corpus Christi and the Coastal Bend region. City of Corpus Christi Water Department, *Water Conservation Plan* 1 (2013).[4] In addition the Water Department had an average of approximately 89,000 treated water connections in 2011. *Id.* at 12. Since Plaintiffs' proposed class encompasses all persons served by the Corpus Christi water supply system, the proposed class could easily number at least 500,000 individuals or more.

10. Moreover, Plaintiffs have sought the maximum amount of exemplary damages allowed by Texas law, Ex. B, Orig. Pet. ¶¶ 16.1-16.2, which in this case would be "two times the amount of economic damages; plus an amount equal to any non-economic damages that the jury finds, not to exceed $750,000." TEX. CIV. PRAC. & REM. CODE ANN. § 41.008(b) (West 2016).

---

[2] Texas Rule of Civil Procedure 47 requires a party to state that the damages sought are within one of five specific categories. Monetary relief over $1,000,000.00 is the highest category of damages a Plaintiff may allege according to Rule 47. TEX. R. CIV. P. 47(c).

[3] Available at https://factfinder.census.gov/faces/tableservices/jsf/pages/productview.xhtml?src=bkmk. Ergon requests that the Court take judicial notice of the estimated population of Corpus Christi according to U.S. Census Data pursuant to Federal Rule of Evidence 201.

[4] Available at http://www.cctexas.com/Assets/Departments/Water/Files/WaterConservationPlan.pdf. Ergon requests that the Court take judicial notice of the estimated population served by the Corpus Christi water department according to the referenced Corpus Christi Water Conservation Plan pursuant to Federal Rule of Evidence 201.

11. For these reasons, Ergon alleges the amount in controversy exceeds the sum or value of five million dollars, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2) (2012).

**B. At least one member of the proposed class is a citizen of a different state from Ergon**

12. For purposes of establishing diversity under CAFA, this Court need only find that diversity of citizenship exists between any one putative class member and Defendant Ergon. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a) (2012).

13. Plaintiffs allege incorrectly that Ergon is a Texas Corporation with its principal office located in Corpus Christi, Texas. Ex. B, Orig. Pet. ¶ 2.6.[5]

14. In fact, Ergon is a Mississippi corporation with its principal place of business located in Flowood, Mississippi. Ergon therefore is a citizen of Mississippi.

15. When a proposed class is not limited to citizens of a particular state, a court may find it reasonably probable that at least one class member is a citizen of a different state for purposes of CAFA jurisdiction. *See Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 59 (2d Cir. 2006).

16. In this case, the proposed class is limited to "All residents of Corpus Christi, Texas and surrounding areas services [sic] by the Corpus Christi water supply system between December 1, 2016 and December 31, 2016." Ex. B, Orig. Pet. ¶ 5.1 Because the class is limited to residents of Corpus Christi and surrounding areas, it is reasonably probable that at least one proposed class member is a citizen of the State of Texas.

17. Therefore since Ergon is a citizen of the State of Mississippi, and at least one member of the proposed class is a citizen of the State of Texas, the minimal diversity requirement of CAFA is satisfied. *See* 28. U.S.C. § 1332(d)(2)(A) (2012).

---

[5] As required by Texas Rule of Civil Procedure 93, Ergon's Answer contains a verified denial of this allegation that is supported by affidavit. *See.* TEX. R. CIV. P. 93; Ex. B, Ergon Ans. 2.

**C.     There is no Defendant who is a governmental entity, and the putative class members exceed one hundred**

18.     CAFA does not apply to any class action in which the primary defendants are States, State officials or other governmental entities or the number of members of the class is less than one hundred (100).  28 U.S.C. § 1332(d)(5) (2012).

19.     Ergon is not a State, a State official or other governmental entity.

20.     In addition, the potential class members, according to the Original Petition exceed one hundred (100).  *See* Ex. B, Orig. Pet. ¶ 5.4 (". . .Plaintiffs are informed, believe and allege that Class Members number more than 350,000.").

### III.    ERGON HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

21.     This Notice of Removal is timely because Ergon has not yet been served with Plaintiffs' Original Petition, and therefore the thirty-day period for filing a notice of removal as required by 28 U.S.C. § 1446(b) has not yet run.

22.     The United States District Court for the Southern District of Texas, Corpus Christi Division, embraces the county in which the state court action is now pending.  Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 124(b)(6), 1441(a), and 1446(a).

23.     Ergon is filing written notice of this removal with the clerk of the state court in which the action is currently pending.  *See* 28 U.S.C. § 1446(d) (2012).  Copies of the Notice of Filing Notice of Removal, together with this Notice of Removal, are being served upon Plaintiffs.  *Id.*

24.     Pursuant to Southern District of Texas Local Rule 81, this Notice of Removal is accompanied by the following:

    (i)     All executed process in the case (Exhibit A);

    (ii)    Pleadings asserting causes of action, e.g., petitions, counterclaims, cross-actions, third-party actions, interventions and all answers to such pleadings (Exhibit B);

    (iii)    All orders signed by the State Judge (Exhibit C);

    (iv)    The docket sheet (Exhibit D);

    (v)    An index of matters being filed (Exhibit E); and

    (vi)    A list of all counsel of record, including addresses, telephone numbers, and parties represented (Exhibit F).

25.    Under CAFA, it is not necessary for Ergon to obtain consent of all defendants in order to remove this action. 28 U.S.C. § 1453(b) (2012). Nevertheless Ergon has obtained written consent to removal from all Valero Defendants, attached as Exhibit G. 28. U.S.C. § 1441(a) (2012).

26.    Ergon submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiffs, without conceding that Plaintiffs have pled claims upon which relief may be granted, without admitting that Plaintiffs have standing, without admitting that class certification is proper, and without admitting that Plaintiffs and/or the putative class are entitled to any monetary or equitable relief whatsoever.

**WHEREFORE**, Ergon removes the above-captioned action from the County Court at Law No. 3, Nueces County, State of Texas, and requests that further proceedings be conducted in this Court as provided by law.

>Respectfully submitted,
>
>By: /s/ Russell Lewis
>    Russell Lewis
>    Texas Bar No. 24036968
>    Federal ID No. 569523
>    **BAKER BOTTS L.L.P.**
>    910 Louisiana Street
>    Houston, Texas 77002
>    713.229.1234
>    713.229.1522 (Fax)
>    russell.lewis@bakerbotts.com
>
>**ATTORNEY-IN-CHARGE FOR DEFENDANT ERGON ASPHALT & EMULSIONS**

OF COUNSEL:

J. Scott Janoe
Texas Bar No. 24012897
Federal ID No. 27577
Louis E. Layrisson, III
Texas Bar No. 24067722
Federal ID No. 1138417
**BAKER BOTTS L.L.P.**
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002
713.229.1234
713.229.1522 (Fax)
scott.janoe@bakerbotts.com
louie.layrisson@bakerbotts.com

*-and-*

R. Clay Hoblit
Texas Bar No. 09743100
Federal ID No. 7591
Michael D. Hudlow, Jr.
Texas Bar No. 24007403
Federal ID No. 34793
**HOBLIT DARLING RALLS HERNANDEZ & HUDLOW L.L.P**
802 N. Carancahua
2000 Frost Bank Plaza
Corpus Christi, Texas 78401-0037
361.888.9392
361.888.9187 (Fax)
choblit@hdr-law.com
mhudlow@hdr-law.com

hdrccservice@hdr-law.com
*service by e-mail to this address only

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served this 10th day of January, 2017, with a copy of this document via the Court's CM/ECF system per Local Rule LR 5.1.

/s/ Russell Lewis
Russell Lewis